John P. DUNN, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 01–1484.

United States Court of Appeals, Sixth Circuit.

April 25, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District Judge.*

## ORDER

This is an appeal of a district court judgment affirming the Commissioner's decision to deny an application for disability benefits and Medicare assistance under the Social Security Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, John P. Dunn filed a claim for Social Security disability and Medicare benefits. Dunn's claim was eventually denied and he took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The magistrate judge to whom the matter was referred recommended that the Commissioner's decision should be affirmed and the district court adopted this recommendation. A panel of this court remanded the case on direct appeal for the district court to consider the overlooked objections of Dunn to the magistrate judge's report. *Dunn v. Commissioner of Soc. Sec.,* No. 00–1050, 2000 WL 1679496 (6th Cir. Nov.3, 2000) (order). On remand, the court considered Dunn's objections and again adopted the recommendation to affirm the decision to deny benefits. This appeal followed.

The focus of Dunn's appellate argument is that the district court, like the magistrate judge and the Commissioner, erroneously applied the incorrect legal standard in denying his claim. This court applies a de novo standard when reviewing a district court's grant of summary judgment. *See, e.g., Soper v. Hoben,* 195 F.3d 845, 850 (6th Cir.1999). A de novo review completely supports the judgment on appeal.

Dunn was an employee of the United States Postal Service from 1979 (career appointment 1982) through December 1990 when he was apparently disabled from Postal work owing to a combination of degenerative arthritis in both knees and bilateral carpal tunnel syndrome. On January 27, 1992, Dunn filed an application for Social Security disability benefits and Medicare benefits based on the foregoing conditions with an onset date of December 11, 1990, after having collected federal workers' compensation benefits for approximately one year. Dunn's unemployment benefits were terminated in March 1992 when he was sent to federal prison following his conviction of drug charges. The condition of Dunn's knees deteriorated during his prison stay and, following his December 1995 discharge, Dunn had a total right knee replacement and surgery on the left knee. Dunn's insured status (for receiving *Medicare* benefits only) expired on June 30, 1996. Dunn's application to the Social Security Administration for a cash award of disability and Medicare benefits resulted in a hearing before an administrative law judge (ALJ) on July 17, 1997.

The ALJ immediately noted that Dunn was not eligible for a Social Security cash disability award because Dunn's CSRS service, by definition, was under a retirement/disability system that did not require its members to pay into Social Security for disability purposes. As the CSRS service did qualify Dunn to ask for Medicare assistance, the ALJ considered the testimony adduced in support of Dunn's claimed disability as well as medical and vocational testimony to the effect that Dunn retained the residual functional capacity to perform

---

\* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

a sufficient number of sedentary jobs available in the national and local economy. The ALJ concluded that Dunn retained the residual functional capacity to perform sedentary jobs available in sufficient numbers to disqualify him from Medicare assistance. This testimony is summarized accurately in the district court opinion and the report of the magistrate judge affirming the decision of the Commissioner.

Upon consideration, the judgment on appeal will be affirmed for the reasons set forth in the district court's judgment filed February 28, 2001.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.